THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAYLE ANNETTE AKKER,<br><br>        Plaintiff,<br><br>        v.<br><br>CHRISTIAN N. TORRES PALACIOS,<br><br>        Defendant. | CASE NO. C24-1621-JCC<br><br>ORDER |

        This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 5). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion in part for the reasons explained herein.

        On September 25, 2024, *pro se* Plaintiff Gayle Akker filed a King County Superior Court petition for a protective order against her acting Postal Service supervisor, Christian Torres Palacios. (Dkt. No. 1-2.) According to the petition, Mr. Torres Palacios engaged in disrespectful and discriminatory conduct towards Ms. Akker, including failing to abide by accommodations prescribed in a 2015 Equal Employment Opportunity Commission ("EEOC") ruling. (*See* Dkt. No. 1-2 at 11–19.)

        The King County Superior Court denied the petition and set the matter over for a "full hearing." (Dkt. No. 1-3 at 2–3.) Mr. Torres Palacios, in conjunction with the United States, then removed the case to this Court. (Dkt. No. 1.) According to the notice of removal, the petition

represents a civil action against Mr. Torres Palacio in his official capacity, in service to the United States, over which this Court has sole jurisdiction. (*See id.* at 2–3) (citing 28 U.S.C. § 1442(a)). Mr. Torres Palacio moved to dismiss the petition with this Court, arguing he is not a proper defendant. (*See generally* Dkt. No. 5.) He further argues the allegations are insufficient to establish a prima facie case of discrimination (and therefore the petition fails to state a claim for relief) against *any* defendant. (*See generally id.*) As of today, despite service of this motion by certified mail to Ms. Akker's last know address, (*see* Dkt. Nos. 1-2, 8-1), she has not responded.

Defendant's first argument—that the complaint fails to name a proper defendant—is a jurisdictional one. *See Hymen v. Merit Sys. Prot. Bd.*, 799 F.2d 1421, 1422 (9th Cir. 1986) ("[c]ases in this circuit hold that the naming of the proper defendant . . . is a jurisdictional requirement."). And Defendant is correct. Mr. Torres Palacio is not a proper defendant. Title VII is the exclusive judicial remedy for a sexual discrimination (including retaliation) claim against a federal agency and the Rehabilitation Act is the exclusive remedy for a disability discrimination claim. *See Vinieratos v. U.S., Dep't of the Air Force*, 939 F.2d 762, 773 (9th Cir. 1991); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985). Regardless, under either statute, only the agency head, here the Postmaster General, is a proper defendant. *See Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 (9th Cir. 1989). Therefore, this Court lacks jurisdiction over Plaintiff's complaint and, on this basis, must dismiss it without prejudice.

Nevertheless, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990). Should Plaintiff wish to file an amended complaint, she must do so within 30 days of this order. That complaint would supersede the instant one. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). It must comply with the Federal Rules of Civil Procedure. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (noting that *pro se* plaintiffs must still comply

ORDER
C24-1621-JCC
PAGE - 2

with the rules of civil procedure).[1] To avoid dismissal with prejudice, the amended complaint must, in addition to naming a proper defendant, adequately plead exhaustion,[2] as well as each element of a prima facie discrimination or retaliation claim, as described in Defendant's motion to dismiss. (*See* Dkt. No. 5 at 4–6.)

Accordingly, Defendant's motion (Dkt. No. 5) is GRANTED in part. If no amended complaint is filed within 30 days of this order, judgment will issue DISMISSING Plaintiff's complaint (Dkt. No. 1-2) *without* prejudice. If Plaintiff elects to amend her complaint and fails to state a claim, the Court will dismiss it *with* prejudice.

It is so ORDERED this 22nd of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] This includes Rule 8, requiring "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2).

[2] Under Title VII, a claimant must exhaust administrative remedies to preserve a right to an employment discrimination claim against an agency. *See Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997). The instant complaint fails to demonstrate that this requirement is satisfied. (*See generally* Dkt. No. 1-2.)